UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM TRACY WHEELER**<br>     **LA. DOC #93168**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-1610**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **MICHAEL TUBBS ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, William Tracy Wheeler, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 7, 2012. Plaintiff is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana and he complains that he is being denied his right of access to the courts. He sued Sheriff Michael Tubbs, Warden Issac Brown, and Assistant Warden Bradley Fife.  In an amended complaint filed on October 15, 2012 he moved to dismiss Fife as a defendant.  He prayed for an injunction directing the defendants to provide a law library and for  punitive damages in the amount of $40,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Plaintiff is an inmate in the custody of the LDOC. In his original complaint he claimed

that the defendants violated his right of access to the courts as well as his right to due process by failing to provide a law library and legal assistance. He conceded that various law books are available for his use but contended that they are insufficient or outdated. On September 24, 2012 the undersigned directed plaintiff to amend his complaint to "... demonstrate that his ability to prepare and transmit necessary legal documents to the court has been curtailed..." and, "... to demonstrate prejudice resulting from the defendants' violation of his rights." [Doc. 6]

On October 14, 2012 plaintiff filed an Amended Complaint in response to the previous order. Therein he moved to dismiss his claim as it related to Assistant Warden Fife. However, his amended complaint was rife with conclusory allegations and did not allege prejudice as directed.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and 1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff was instructed to amend his pleadings to demonstrate that he was deprived of his constitutional right of access to the courts. He amended his complaint but provided nothing more

than conclusory allegations as is more specifically shown below.

## *2. Access to Courts*

Plaintiff complains that he is being denied his constitutionally protected right of access to the courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff's pleadings have not demonstrated that his ability to prepare and transmit necessary legal documents to the court has been curtailed.

Further, in order for him to state a claim that he was denied his constitutional right of access to the courts, he must also "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. In other words, plaintiff, at the very least, must show that

he was prevented from filing a non-frivolous pleading. While plaintiff has alleged in conclusory fashion that he suffered prejudice as a result of the inadequacies of the prison library, he has not demonstrated prejudice as required by the jurisprudence.  Indeed, plaintiff has alleged only that the deficiencies in the prison law library "hindered" and "hampered" his ability to cite cases in support of an application for post-conviction relief.  However, under Louisiana law, the form required for such filings requires a petitioner to site the facts in support of his claim for post-conviction relief and further directs – "No citation of authorities or legal arguments are necessary." [See Supreme Court Rules Appendix "A" Uniform Application for Post-Conviction Relief, Instructions, Paragraph 1] In short, plaintiff has neither shown that his ability to transmit legal documents to the courts has been impaired; nor has he shown prejudice as required by the jurisprudence. Therefore,

*Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 14, 2013.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE